| | |
|---|---|
| THOMAS K. MAHER, on behalf of himself and all others similarly situated in North Carolina, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No.: 1:05 CV 00225 |
| vs. ) ) | |
| ELPIDA MEMORY, INC.; *et al.*, ) ) | |
| Defendants. ) | |

### MEMORANDUM OF LAW
### IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

Plaintiff Thomas K. Maher ("Maher" or "Plaintiff") hereby submits this memorandum in support of his motion to remand this case to the General Court of Justice (Superior Court Division) in and for Orange County, North Carolina. This action has been improperly removed because there is no basis for original jurisdiction under 28 U.S.C. § 1332. The sole named plaintiff's alleged damages do not satisfy the amount in controversy requirement for original diversity jurisdiction under § 1332. The speculative damages of a hypothetical unnamed class member may not be substituted for the named plaintiff's damages at this early stage. Three other federal courts have already remanded similar DRAM indirect purchaser actions when considering virtually identical jurisdictional issues: (a) the United States District Court for the Northern District of New York, acting *sua sponte* (*see Duker v. Micron Technology, Inc., et al.*, 2004 WL 3019428, 2004 U.S. Dist. LEXIS 26055 (S.D.N.Y. Dec. 22, 2004) (attached as Exhibit A)); (b) the United States District Court for the Eastern District of Michigan (*see Johnson v. Micron Technology, et al.*, Remand Order, 04-74263, 2005 U.S. Dist. LEXIS 1832 (E.D. Mich. Jan. 24, 2005) (attached hereto as Exhibit B)); and (c) the

United States District Court for the Southern District of Florida (*see Pryor v. Micron Technology, Inc.*, Final Order of Remand, 04-61446-Civ (S.D. Fla. Jan. 25, 2005) (attached hereto as Exhibit C )).

## FACTUAL AND PROCEDURAL BACKGROUND

On January 7, 2005, Maher timely filed the Complaint in this action in General Court of Justice (Superior Court Division) in and for Orange County, North Carolina. The Complaint alleges the necessary elements of an "indirect purchaser" antitrust class action under the North Carolina Statutes for Antitrust and Unfair Competition, North Carolina Code §§75-1, *et seq.* (Complaint, ¶¶ 80-84). This action seeks compensation for damages caused to Maher and members of the proposed class by Defendants' conspiracy to artificially fix, raise, stabilize, and maintain the price of Dynamic Random Access Memory computer chips ("DRAM") sold to consumers in North Carolina at a price higher than the competitive price for the product. (*Id.*, ¶¶ 1, 3, 69-79).[1] This conspiracy continued from July 1, 1999 through at least June 30, 2002. (*Id.*, ¶¶ 2, 52-62, 81).

As a result of Defendants' actions, Maher and members of the proposed class paid more for DRAM chips and for products containing DRAM than they would have paid in a competitive market. Maher, and members of the proposed class he seeks to represent, purchased DRAM from parties who distributed and sold to consumers Defendants' DRAM chips. (*Id.*, ¶¶ 8, 44). The injury to Maher and the members of the class occurred because Defendants' overcharges for their products were passed through the chain of distribution, resulting in artificially inflated prices for DRAM and products containing DRAM. (*Id.*, ¶¶ 71-72).

---

[1] DRAM is the most common semiconductor memory product, providing speed storage and retrieval for computers, telecommunication products, and consumer electronics.

In seeking damages for Defendants' actions, Plaintiff clearly disclaims any attempt to seek recovery under federal law. (*Id.*, ¶ 42). Plaintiff also disclaims damages sufficient to satisfy the "amount in controversy" requirement for federal diversity jurisdiction. Specifically, the Complaint states that the "total amount in controversy as to Plaintiff and each individual member of the class alleged herein does not exceed seventy-five thousand dollars ($75,000), even if trebled, exclusive of interests and costs, and Plaintiff does not seek any form of 'common' recovery." (*Id.*, ¶ 41). Despite these allegations and the clear lack of federal jurisdiction, on March 11, 2005, certain defendants removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, ¶5). There is no dispute that Maher lacks damages sufficient to satisfy the $75,000 threshold.

On March 15, 2005, counsel for Samsung wrote to the Judicial Panel on Multidistrict Litigation ("MDL Panel") seeking transfer of this case as a tag-along action to the Northern District of California ("MDL Court"). The MDL Panel has yet to issue a Conditional Transfer Order, but Maher will oppose any transfer to the MDL Court.

## SUMMARY OF ARGUMENT

This case should be remanded to the in General Court of Justice (Superior Court Division) in and for Orange County, North Carolina before the MDL Panel even considers issuing a Conditional Transfer Order. As the removal statute is strictly construed in favor of remand, three other federal courts swiftly remanded similar DRAM cases to the state courts after addressing Defendants' identical argument for diversity jurisdiction that is presented to this Court. *Duker v. Micron Technology, Inc., et al.*, 2004 WL 3019428, 2004 U.S. Dist. LEXIS 26055 (S.D.N.Y. Dec. 22, 2004) (*sua sponte*); *Johnson v. Micron Technology, et al.*, Remand Order, 04-74263, 2005 U.S. Dist. LEXIS 1832 (E.D. Mich. Jan. 24, 2005); *Pryor v.*

*Micron Technology, Inc.*, Final Order of Remand, 04-61446-Civ (S.D. Fla. Jan. 25, 2005). Further, each rejected Defendants' request to stay the proceedings pending transfer to the MDL Court.

These district courts unanimously held that these indirect purchaser actions do not belong in federal court for one simple reason: a federal court must first have original diversity jurisdiction over a named class member before it can exercise supplemental jurisdiction over a purported (uncertified) class. Nonetheless, even assuming, contrary to law, that one could use principles of supplemental jurisdiction to bootstrap original jurisdiction, Defendants have failed to present sufficient evidence to allow the Court to conclude that an exercise of jurisdiction is appropriate. That an unnamed, putative class member may have suffered damages in an amount sufficient to support jurisdiction constitutes nothing more than speculation and cannot provide the evidence necessary to sustain federal jurisdiction.

As subject matter jurisdiction is a threshold issue to be decided first, this Court should immediately remand this case to state court.

## STANDARD OF REVIEW

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chemical Cem. Co.*, 29 F.23d 148, 151 (4th Cir.1994). In addition, the presumption against federal jurisdiction requires that statutes under which removal is sought be strictly construed against removal. *Id. See also Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If any doubt exists as to whether federal jurisdiction is proper, the Court must remand the case back to the state court from where it came. *Id. See also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## ARGUMENT

### I. THIS CASE SHOULD BE REMANDED:

This Court should remand this case to the General Court of Justice (Superior Court Division) in and for Orange County, North Carolina because: (1) Plaintiff's limitation of the amount in controversy is entirely proper; (2) Fourth Circuit law (as well as the majority of other circuits and this District Court) extends "supplemental jurisdiction in diversity jurisdiction class actions, *so long as one named plaintiff* has a claim giving a federal court original jurisdiction", *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 112, 114 (4th Cir. 2001)(emphasis added), and it is undisputed that Plaintiff's claims do not exceed the jurisdictional amount in controversy; and (3) Defendants' speculation about a putative class member's damages is irrelevant and cannot meet their burden of establishing that a named plaintiff has a claim for damages greater than $75,000.

#### A. Plaintiff May Specifically Limit Damages to an Amount Less Than the Jurisdictional Minimum to Avoid Federal Jurisdiction.

The law as enunciated by the U.S. Supreme Court is clear: a plaintiff desiring to try her case in state court can do so by "resort[ing] to the expedient of suing for less than the jurisdictional amount, and though [plaintiff] would be justly entitled to more..." the defendant would be incapable of removing the action due to a lack of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586 (1938). *See also Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 45 (M.D.N.C. 1996). Only when a plaintiff amends his claim to an amount below the jurisdictional minimum following the removal of an action does this jurisdictional rule permitting limitations to the amount in controversy not apply. *Id.* (to allow a plaintiff to alter his demand to avoid federal jurisdiction following

-5-

removal would subject the removal right to the plaintiff's "caprice").[2] Thus, the Court should remand this case because Plaintiff initially limited his damage claim in the complaint (and the damage claims on behalf of class member) to less than the jurisdictional amount. (Complaint, ¶41).

As Judge Posner noted in writing for the Seventh Circuit in *In re Brand Name Prescription Drugs,* 248 F.3d 668, 670-671 (7th Cir. 2001) — also a case involving state antitrust claims in which punitive damages were available —"[h]ad the plaintiffs, before the removal of the case to federal court, stipulated that they were seeking less than $50,000, the court would have been required to remand the case to state court without further inquiry. It would have been plain that the case was not within federal jurisdiction." *Id.* By limiting the damage claims to amounts below the jurisdictional minimum, Plaintiff has taken the actions necessary to avoid any doubt regarding the amounts in controversy and the case should be remanded.

Moreover, the well-pleaded complaint rule requires that Plaintiff's limitation on damages defeat the application of federal subject matter jurisdiction. "Commensurate with that notion, the sum claimed by a plaintiff in the complaint ordinarily determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Dash v. Firstplus Home Loan Owner Trust 1996-2,* 248 F. Supp. 2d 489, 497 (M.D. N.C. 2003). In ruling on a motion to remand, district courts generally must restrict themselves to an examination of the complaint and treat the allegations of the complaint

---

[2] In this context, *Chiartas v. Bavarian Motor Works,* 106 F.Supp.2d 872, 873-874 (S.D.W.Va. 2000) (cited in Defendants' Notice of Removal at ¶30) is consistent with *St. Paul.* In *Chiartas,* the plaintiff attempted, *after removal,* to stipulate first to a limitation on his damages, and then later to a limitation of each class member's damages. *Id.* It is easy to understand why the court referred to the plaintiff's limitations as "wholly specious." *Id.*

-6-

regarding the scope of a plaintiff's claim as controlling. *See American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14 (1950); *see also Holmes Group, Inc. v. Voranado Air Circulation*, 535 U.S. 826, 12 S. Ct. 1889, 1894 (2002) (since the plaintiff is "the master of the complaint," the well-pleaded complaint rule enables him, "by eschewing claims based on federal law, ... to have the cause heard in state court"); *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 996)(under the well-pleaded complaint rule courts should look no further than the face of the plaintiff's complaint to determine if federal jurisdiction is present).

In *Dash*, the United States District Court for the Middle District of North Carolina held that "[i]n considering the propriety of a removal, the district court generally 'must restrict itself to "the plaintiff's pleading, which controls."'" *Id.*, 248 F. Supp. 2d at 497 (quoting *Griffin v. Ford Consumer Fin. Co.*, 812 F.Supp. 614, 616 (W.D.N.C. 1993) (citation omitted)). Likewise, the United States District Court for the Middle District of North Carolina has also found that a party who brings a suit is master of his claim and as such, may determine to forego a federal claim and restrict his suit to state court on a state-created claim. *See Anderson v. National Treasury Employees Union*, 2000 U.S. Dist. LEXIS 8765 *5-6 (M.D.N.C. 2000) (attached hereto as Exhibit D). If the plaintiff decides to restrict his case to state court, it generally cannot be removed. *Id. See also* 13A Wright, Miller & Cooper, Jurisdiction 2d §§3566 ("if plaintiff chooses to forego a federal claim and to sue in state court on a state-created claim, the case cannot be removed. It has significance also for original jurisdiction, however, since if plaintiff has a choice of state or federal theories, the original jurisdiction exists only if he chooses to include the federal theory in this complaint."). Thus, this Court need look no further than the face of the complaint to determine that subject matter jurisdiction does not exist in this case.

## B. Federal Jurisdiction Does Not Exist Because Plaintiff Does Not Seek an Amount in Excess of the Jurisdictional Minimum of 28 U.S.C. §1367.

For federal jurisdiction to exist in a diversity case, at least one *named* plaintiff must have a claim for damages in excess of $75,000 to meet the controversy requirement of 28 U.S.C. §1367.[3] No circuit court has held that supplemental jurisdiction is properly asserted over the named plaintiffs or the members of a class when it is possible that an *unnamed* putative class member may have damages in excess of the jurisdictional minimum. As discussed below, every circuit court considering supplemental jurisdiction under §1367 has deliberately refrained from expanding such jurisdiction to situations when a defendant offered evidence in which an unnamed class member might satisfy the monetary threshold. Further, at least two of these circuit courts have expressly rejected Defendants' proposition that an unnamed putative plaintiff can satisfy the jurisdictional minimum and thereby support supplemental jurisdiction over the named plaintiff and the proposed class.

The Fourth Circuit has certainly never held that federal supplemental jurisdiction is appropriate over an entire plaintiff class under such circumstances. For example, in *Rosmer v.*

---

[3] 28 U.S.C. §1367 provides in relevant part as follows:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24, of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
(c) The district courts may decline to exercise supplemental jurisdiction over a claim in subsection (a) if –
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Pfizer Inc.*, 263 F.3d 110 (4th Cir. 2001), the Fourth Circuit upheld the district court's decision to confer federal subject matter jurisdiction over class members under §1367, even though their claims did not satisfy the amount in controversy requirement of 28 U.S.C. 1332 because diversity jurisdiction existed over the claims of a *named* plaintiff. *Id.* at 112. The *Rosmer* court did not go so far as to extend supplemental jurisdiction over the class when only *a potential unnamed* plaintiff's claims could possible satisfy the jurisdictional minimum. *Id.* at 112 ("This case turns on one discrete question of statutory interpretation – whether 28 U.S.C. § 1367 permits federal courts to exercise supplemental jurisdiction in a diversity class action when one *named* plaintiff has a claim above the jurisdictional minimum" (Emphasis added)). In fact, the opinion expressly demonstrates the need for a named plaintiff's claim to meet the minimum requirement by stating: "Our view, respectfully, is that §1367 confers supplemental jurisdiction in diversity jurisdiction class actions, *so long as one named plaintiff has a claim giving a federal court original jurisdiction.*" *Id.* at 114 (emphasis added).

Defendants, however, erroneously assert that removal is proper here by speculating that at least one unnamed putative class member must have a claim that meets the requisite jurisdictional minimum amount in controversy. (*See* Notice of Removal ¶¶33-35). Defendants' position goes far beyond what the law allows. The Fourth Circuit, along with the Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits, have held merely that supplemental jurisdiction over the claims of all class members is appropriate only if at least *one named representative plaintiff's* claims exceed the amount in controversy. *See Rosmer*, 263 F.3d at 112-114 (4th Cir. 2001) (supplemental jurisdiction over unnamed class members authorized where at least one named plaintiff meets requirements). *See also Allapattah Services, Inc. v. Exxon Corp.*, 333 F.3d 1248, 1254 (11th Cir. 2003) *reh'g en banc denied*, 362 F.3d 739 (11th

-9-

Case 1:05-cv-00225-WWD   Document 4   Filed 03/18/05   Page 9 of 17

Cir. 2004), *cert. granted in part,* __ S.Ct. __, 2004 WL 2071337 (U.S. October 12, 2004)(same); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 940-1 (9th Cir. 2001)(same); *In re Brand Name Prescription Drugs Antitrust Litigation,* 123 F.3d 599, 607-8 (7th Cir. 1997)(same); *In re Abbott Labs.,* 51 F.3d 524, 529 (5th Cir. 1995) (same), *aff'd by an equally divided court sub nom. Free v. Abbott Labs.,* 529 U.S. 333 (2000) (per curiam); *Olden v. Lafarge Corp.,* 383 F.3d 495, 502 (6th Cir. 2004) (same).[4]

The United States Court of Appeals for the Ninth Circuit has thoroughly analyzed the type of claims Defendants make here for federal jurisdiction based on 28 U.S.C. §§1367 and 1332. In *Gibson v. Chrysler Corp.,* the defendant argued, in part, that several unnamed plaintiffs had claims for amounts in excess of $75,000. *Gibson v. Chrysler Corp.,* 261 F.3d 927 (9th Cir. 2001) (at least 60 unnamed class members had potential claims in excess of $75,000). After examining the issues, the *Gibson* court rejected the position forwarded here by Defendants. In so doing, the *Gibson* court articulated two primary reasons why it would be incongruous in the context of §§1367 and 1332 to extend supplemental jurisdiction based on alleged original jurisdiction over unnamed plaintiffs' claims. First, the *Gibson* court noted that the term 'original jurisdiction' in §1367(a) "does not refer to jurisdiction over claims not made – or not yet made – in the complaint," and the claims of class members are not added

---

[4] The circuit courts are split as to the impact of 28 U.S.C. §1367 on *Zahn v. Int'l Paper Co.,* 414 U.S. 291 (1973). *Zahn* required each class member to satisfy the amount in controversy requirement before a court could exercise supplemental jurisdiction over the claims of those class members in a class action where federal jurisdiction is based on diversity, thus requiring that the claims of those class members, named and unnamed, whose claims did not satisfy the federal jurisdictional amount be dismissed from the case for lack of jurisdiction. When Congress passed Section 1367, because Rule 23 was not specifically listed among the exceptions in 28 U.S.C. § 1367(b), the issue of whether §1367 authorizes supplemental jurisdiction in the diversity class action context when all class members may not meet the amount in controversy requirements was not clear and has subsequently been answered by the courts in two different ways. The Courts of Appeal for the Third, Eighth, Tenth Circuits and all of the District Courts in the Second Circuit have held that *Zahn* is and its implications remain the law. The Fourth, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits have held that §1367 abrogates *Zahn* to the extent that it authorizes the application of supplemental jurisdiction to putative class members' claims if at least *one named plaintiff* satisfies the amount in controversy. None of the courts articulating those positions have permitted the potential claims of putative, unnamed class members to support federal jurisdiction.

until certification occurs under Rule 23. *Id.* at 940. Second, "[e]xamining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions mirrors the treatment of the complete diversity requirement" in which "subject matter jurisdiction [also] depends only on the named plaintiffs."[5] *Id.* at 941. *See also In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 145, 162 (2d Cir. 1987)); *Klempner v. Northwestern Mutual Life Ins. Co.*, 196 F. Supp. 2d 1233, 1239 (S.D. Fla. 2001) (stating it "would seem rather anomalous to look only to the characteristics of the named plaintiffs for one prong of §1332 – the citizenship prong – only then to turn around and greatly expand this view to any other putative class member in assessing the other prong – the requisite amount in controversy.").

Further, the *Gibson* court also noted that practical considerations strongly militate against allowing an unnamed putative class member to satisfy the original jurisdiction requirement of §1367(a). Relying on unnamed, potential class members is an uncertain method of determining subject matter jurisdiction "because those members are free to opt out of the class, and because a denial of class certification would prevent the court from taking jurisdiction over the claims of the unnamed class members." *Id. See also Trapasso v. Prudential Property & Cas. Ins. Co.*, 220 F. Supp. 2d 628, 636-7 (E.D. Tex. 2001) (a case would have to be remanded if a named plaintiff gained access to federal court based on supplemental jurisdiction from a putative class member and the class was not later certified); *Klempner*, 196 F. Supp. 2d at 1239-40 (S.D. Fla. 2001) (discussing *Gibson* and the risk of substantially squandering the scarce resources of the federal judiciary if unnamed putative

---

[5] Similarly, the Seventh Circuit has expressly endorsed the rule that supplemental jurisdiction can be applied in a diversity class action only when a named plaintiff satisfies the amount in controversy. *In re Brand Name*, 123 F.3d at 607 (7th Cir. 1997) ("At least one named plaintiff must satisfy the jurisdictional amount").

-11-

class members served as a basis for original jurisdiction).

In the end, the *Gibson* court expressly rejected the position that an unnamed putative member can meet the amount in controversy requirement for the named plaintiffs and other members of a class. The *Gibson* court concluded that "(e)ven if Chrysler is correct that several unnamed class members have claims for amounts in excess of $75,000, their claims do not provide a basis for diversity jurisdiction." *Id.* at 940. The commentary in Moore's Federal Practice is equally direct: "[e]ven if...§1367 reverses *Zahn*...the statute does not permit supplemental jurisdiction over a class action in which *unnamed* class members meet the amount-in-controversy requirement, but the named plaintiff does not." Moore's Federal Practice §23.07[3][c] at 23-47 (3d. 1998) (emphasis in original).

As one might expect, given the rejection of Defendants' position by each federal circuit court expressly addressing it, the Middle District of North Carolina and the vast majority of district courts have rejected Defendants' proposed vast and unwarranted expansion of federal jurisdiction. *See, e.g., Dash*, 248 F. Supp. 2d at 496 (M.D. N.C. 2003) (citing *Rosmer* for the proposition that a federal court has supplemental jurisdiction over the entire class "if at least one named plaintiff has a claim exceeding $75,000"); *Cogburn v. DaimlerChrysler Corp.*, 2002 WL 31165151, at *3, 2002 U.S.Dist. LEXIS 18878, at *7 (M.D. N.C.) (reading *Rosmer* to hold that §1367 "only confers supplemental jurisdiction so long as one named plaintiff satisfies the amount in controversy requirement") (attached hereto as Exhibit E); *Williams v. Potomac Elec. Power Co.*, 115 F. Supp. 2d 561, 566-568 (D. Md. 2000) (following the Fifth and Seventh Circuits' interpretation of §1367 in *Abbott* and *In re Brand Name*, respectively, to apply supplemental jurisdiction to the putative class after defendants demonstrated by a preponderance of the evidence that at least two of the named

-12-

plaintiffs' claims exceeded $75,000); *Lutz v. Protective Life Ins. Co.*, 328 F. Supp. 2d 1350, 1358 (S.D. Fla. 2004) (reading *Allapattah* to hold that "the claims of unnamed class members cannot be used in computing the amount in controversy"); *Klempner*, 196 F. Supp. 2d at 1239-40 (S.D. Fla. 2001) (following *Gibson*, *Abbott*, *In re Brand Name*, and *Rosmer*); *Poore v. American-Amicable Life Ins. Co of Texas*, 125 F. Supp. 2d 1378, 1385 (S.D. Ga. 2000) (following *Abbott* to determine that, because §1367 allows supplemental jurisdiction over class members, "the question is then whether either of the named plaintiffs' claims meets this [amount in controversy] requirement").[6] Although a small minority of courts apparently accept the type of argument advanced by Defendants in spite of the rejection of this position by the circuit courts and the vast majority of district courts, *see, e.g., Chiartas v. Bavarian Motor Works*, AG, 106 F. Supp. 2d 872 (S.D. W.Va. 2000); *Chapman Funeral Home, Inc. v. National Linen Service*, 178 F. Supp. 2d 1247 (M.D. Ala. 2002), these cases, as noted above, run counter to clear rules of federal jurisdiction, the holdings of the circuit courts and the holdings of the vast majority of district courts. Thus, this Court should remand this case for lack of original and supplemental subject matter jurisdiction over Plaintiff.[7]

Consistent with this vast weight of judicial authority,[8] each of the district courts considering the propriety of Defendants' removal in other DRAM indirect purchaser cases

---

[6] *See, e.g., Trapasso*, 220 F. Supp. 2d at 636-7; *Radlo v. Rhone-Poulenc*, 241 F. Supp. 2d 61, 65 (D. Mass. 2002) (recognizing that "no court has abandoned the requirement that at least one named plaintiff in a class action suit must meet the amount-in-controversy requirement" (citing *Rosmer*, 263 F.3d at 114, *i.e.*, federal court has "supplemental jurisdiction in diversity class actions, so long as one named plaintiff has a claim giving a federal court original jurisdiction")).

[7] Moreover, even if this Court could exercise supplemental jurisdiction, this would be a case where it should decline to do so. Under 28 U.S.C. § 1367(c)(1) a court may decline to exercise supplemental jurisdiction if "the claim raises a novel or complex issue of state law." Since the claims in this case raise "a novel or complex issue of state law", this is such a case where the court should decline to exercise supplemental jurisdiction. *Id*

[8] The commentary in Moore's Federal Practice is also direct: "Even if . . . § 1367 reverses *Zahn* . . . the statute does not permit supplemental jurisdiction over a class action in which *unnamed* class members meet the amount-in-controversy requirement, but the named plaintiff does not." Moore's Federal Practice §23.07[3][c] at 23-47 (3d. 1998) (emphasis in original).

Case 1:05-cv-00225-WWD   Document 4   Filed 03/18/05   Page 13 of 17

like this one have unanimously remanded the cases to state court. In each of those cases Defendants tried, as they do here, to substantiate original jurisdiction with a speculative analysis of unnamed, putative class members' claims. All three district courts held that the named plaintiff had to satisfy the amount in controversy requirement. *See Duker*, 2004 WL 3019428; *Johnson*, 2005 U.S. Dist. LEXIS 1832; *Pryor*, Final Order of Remand.

### C. Even if Defendants Could Satisfy the Amount in Controversy Requirement by the Claim of an Unnamed Putative Class Member, Defendants Have Not Met Their Burden of Proof.

Defendants, as the parties asserting the propriety of federal jurisdiction, bear the burden of establishing the appropriateness and existence of federal jurisdiction. *See Mulcahey*, 29 F.23d at 151. "Although the Fourth Circuit has not yet addressed what standard of proof applies in meeting this burden as to the amount in controversy", it is clear that at least a preponderance of the evidence standard is required. *Dash*, 248 F.Supp.2d at 497. *See also Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 46 (M.D.N.C. 1996). Thus, in order to remove this case, Defendants must establish by at least a preponderance of the evidence that the named Plaintiff's claims asserted in this matter exceed the $75,000.00 threshold established by 28 U.S.C. §1332. Assuming that Defendants could achieve removal based on a putative class member's claim, which as a matter of law they cannot, Defendants simply fail to prove by a preponderance of the evidence that any plaintiff's claims exceed the $75,000 threshold of §1332.

The party seeking removal based on diversity jurisdiction must prove the amount in controversy by producing evidence or a stipulation. *See, e.g., Rosmer*, 263 F.3d at 112 (amount in controversy established unequivocally by the parties' agreement); *In re Brand Name*, 123 F.3d at 608 (defendants' speculation that a putative indirect purchaser plaintiff met

-14-

the jurisdictional minimum held insufficient because "defendants put in no evidence that any of the *named* plaintiffs in fact made this many purchases") (emphasis added); *Williams*, 115 F. Supp. 2d at 566 (uncontested affidavit demonstrating value of property and damages thereto held sufficient to establish jurisdictional minimum); *Trapasso*, 220 F. Supp. 2d 636-7 (holding that although a named plaintiff must satisfy the amount in controversy in a diversity action, defendant "ha[d] not provided evidence of a single, actual person who would meet the amount in controversy requirement..."); *Klempner,* 196 F. Supp. 2d at 1235, 1240 (holding that a putative class member's damages were not relevant in finding original subject matter jurisdiction, and the defendant's valuation of the putative class member's damages in any event would have been "too speculative to support federal jurisdiction").

Defendants here present no evidence that a class member has actual damages exceeding $75,000. Instead, Defendants merely provide assumptions about the sales and cost figures of DRAM-containing products for Best Buy, Inc., despite any solid proof that Best Buy, Inc. is even a potential class member, which it most likely is not.[9] (*See* Notice of Removal at ¶33). Defendants' assumptions regarding the purported damages of Best Buy, Inc. is not evidence of damages, and is insufficient to carry their burden of proof as the proponent of jurisdiction. Indeed, Defendants offer nothing more than speculation of damages, and speculative proffers are not to be considered in evaluating the amount in controversy. *See Gwyn*, 955 F. Supp. at 46-47 (M.D.N.C. 1996); *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 938 (S.D. W.Va. 1996); *Vicksburg, S & P Ry. Co. v. Nattin*, 58

---

[9] Put simply, Best Buy does all its purchasing from its central location in Minnesota, not North Carolina. Best Buy is a Minnesota corporation with its main offices in Richfield, Minnesota. Best Buy purchases essentially all the products it sells through its centralized marketing office in Minnesota, not in North Carolina. Further, Best Buy stores are all wholly owned by Best Buy and centrally managed from Minnesota. Thus, Best Buy is unlikely to be a member of any North Carolina class of indirect purchasers of DRAM because it lacks purchases in North Carolina.

Case 1:05-cv-00225-WWD   Document 4   Filed 03/18/05   Page 15 of 17

F.2d 979, 980 (5th Cir. 1932) ("Jurisdiction is based on actuality, not prophecy...."). Rather, competent evidence is required to sustain this Court's jurisdiction. *See McNutt v. General Motors Acceptance Corporation of Indiana*, 298 U.S. 178, 189 (1936) ("If [the proponent of jurisdiction's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); s*ee also McCoy*, 147 F. Supp. 2d at 489; *Hutchens*, 211 F. Supp. 2d at 791; *Landmark Corp.*, 945 F. Supp. at 938; *Gwyn*, 955 F. Supp. at 46-47.

Although the information regarding damages is exclusively in the hands of Defendants, they conspicuously fail to offer any competent proof regarding the damages of any class member to support federal subject matter jurisdiction. Defendants have therefore failed to demonstrate by competent evidence that a class member has damages that exceeds $75,000,[10] leaving Plaintiff's allegation limiting the amount in controversy in this case as the only competent, controlling evidence in the record regarding damages.

## II. CONCLUSION:

For the foregoing reasons, this case should be remanded to the General Court of Justice (Superior Court Division) in and for Orange County, North Carolina.

WHEREFORE, the Plaintiff, Thomas K. Maher, prays that this Honorable Court enter an Order remanding this case to the General Court of Justice (Superior Court Division) in and for Orange County, North Carolina, and for such other and further relief as the Court deems meet and proper.

---

[10] Notably, Defendants have not even attempted to argue that Thomas K. Maher, the plaintiff in this matter, has damages exceeding $75,000.00.

THOMAS K. MAHER, on behalf of himself
and all others similarly situated in North Carolina

_____
Adam Stein
NC Bar # 4145
FERGUSON, STEIN, CHAMBERS,
GRESHAM & SUMTER, P.A.
312 West Franklin Street
Chapel Hill, NC 27516
Telephone: (919) 933-5300

Wyatt B. Durrette, Jr.
DURRETTE BRADSHAW PLC
600 East Main Street
Twentieth Floor
Richmond, VA 23219
Telephone: (804) 775-6900

Jeffrey A. Bartos
GUERRIERI, EDMOND & CLAYMAN, PC
1625 Massachusetts Avenue, N.W.
Washington, DC 20036
Telephone: (202) 624-7400

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing has been made upon the parties herein by placing true and exact copies thereof in the United States First-Class mail, postage prepaid, on this 16th day of March 2005, addressed as follows:

    Jim D. Cooley, Esquire
    G. Michael Barnhill, Esquire
    Womble Carlyle Sandridge & Rice, PLLC
    One Wachovia Center, Suite 3500
    301 South College Street
    Charlotte, North Carolina 28202-6025

_____

-17-